IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | CRIMINAL ACTION |
| v. | : | 08-297 |
| | : | |
| | : | |
| DAVID TROY JOHNSON | : | |

## MEMORANDUM OPINION

**Schmehl, J.**  *s/JLS*                                                                                                                                                            December 21, 2020

      Before the Court are two motions by defendant David Troy Johnson: a Motion for Nunc Pro Tunc for Consideration of Revocation Order under 18 U.S.C. section 3585, and a Motion for Emergency Relief under 18 U.S.C. section 3582(c)(1)(A)(i). The two motions are the same as the defendant asks in both motions to be released from custody based upon the CARES Act and the COVID-19 pandemic in the prison system. The matter was referred to the Federal Defender's Office for review of representation of the defendant, but the Defenders chose not to represent the defendant. The Government opposes both motions. For the reasons set out below, I deny defendant's motions.

      **I.**      **STATEMENT OF FACTS**

      On December 3, 2007, a Reading, Pennsylvania police officer attempted to stop a car driven by David Troy Johnson. A car chase ensued. During the chase, Mr. Johnson jumped out of his vehicle, ran down an alleyway, and discarded a pistol. Mr. Johnson was caught after his flight, and the pistol was recovered. On March 29, 2010, Mr. Johnson entered a guilty plea for this incident in which Judge Stengel sentenced him to 24 months' imprisonment with credit for time served, and three years of supervised release.

Years later, Mr. Johnson violated his supervised release on multiple occasions. One of the violations was a guilty plea in state court for carrying a firearm without a license, fleeing or attempting to elude police, and unlawfully possessing body armor. Based upon that plea, on August 24, 2012, Judge Stengel revoked his supervised release and sentenced Mr. Johnson to 24 months' imprisonment to run consecutive to his state court sentence.

Mr. Johnson is currently confined in the Federal Detention Center in Philadelphia, Pennsylvania. His projected statutory release date is April 8, 2021, and his full term expires on July 25, 2021. Mr. Johnson has not committed any disciplinary infractions during his time in custody, he has completed institutional programs, and his risk level and motivation for success have been acknowledged positively by the Pennsylvania Board of Probation and Parole.

Presently, Mr. Johnson brings two motion to the Court. The first is a Motion Nunc Pro Tunc for Consideration of Revocation Order of Supervised Released under 18 U.S.C. section 3585. He does not provide any substantive arguments as to why that motion has merits or why this Court has the authority to grant the relief under 18 U.S.C. section 3585. The substance of the Nunc Pro Tunc motion seeks relief based upon the CARES Act and COVID-19 in the prison system, therefore, the Court will analyze the motion as one in the same as his second motion.

Mr. Johnson's second motion is for emergency compassionate release under 18 U.S.C. section 3582(c)(a)(1) based upon COVID-19 in the prison system. His request is based upon his 2012 diagnosis of latent tuberculosis infection, which was prophylactically treated. LTBI is a condition where an individual inhales the bacteria that causes tuberculosis but does not contract the disease. LTBI can turn into tuberculosis without proper treatment. Mr. Johnson has never been diagnosed with tuberculosis, and according to his medical records, Mr. Johnson's LTBI issue was "resolved" in 2012 and confirmed to be resolved in 2016.

The government responds to Mr. Johnson's motions by arguing that Mr. Johnson, who is 38-years-old, is not at a high risk of suffering an adverse effect from COVID-19 because he does not have a condition that the CDC recognizes as high risk, and alternatively, given his past convictions, he presents a high risk of danger to the community and should not be prematurely released.

**II.     LEGAL AUTHORITY**

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The relevant Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." In application note 1 to the policy

statement, the Commission identifies "extraordinary and compelling reasons" that may justify compassionate release as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
>   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>   (ii) The defendant is—
>
>     (I)  suffering from a serious physical or medical condition,
>
>     (II) suffering from a serious functional or cognitive impairment, or
>
>     (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant
>
>   (i)    is at least 65 years old;
>
>   (ii)   is experiencing a serious deterioration in physical or mental health because of the aging process; and
>
>   (iii)  has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
>   (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.— As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances that meet the test for compassionate release. *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

Accordingly, if a defendant's medical condition is found to be the type of condition that puts a defendant at the increased risk of an adverse outcome from COVID-19, a court must then analyze the factors under section 3553(a) and the Sentencing Commission's policy statement. Section 3582(c)(1)(A) requires a court to consider the "factors set forth in section 3553(a) to the extent they are applicable" before a sentence may be reduced. These factors require a determination of whether the sentence served "reflect[s] the nature and circumstances of the offense and the history and characteristics of the defendant;" "reflect[s] the seriousness of the offense;" "promote[s] respect of the law;" and "afford[s] adequate deterrence to criminal conduct." The statute also instructs a court to consider the Sentencing Commission's policy statement, which allows a sentence reduction only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.

### III. DISCUSSION

Mr. Johnson argues that his medical condition of once having latent tuberculosis infection puts him at an increased risk of an adverse outcome from COVID-19, which results in an "extraordinary and compelling" reason for his release from incarceration. Accordingly, I will

first analyze his motion under section (A) of the Sentencing Guidelines policy statement and notes set forth above.

Latent tuberculosis infection is a condition where an individual inhales the bacteria that causes tuberculosis but does not contract the disease. LTBI can turn into tuberculosis without proper treatment. According to Mr. Johnson's medical records, his LTBI issue was "resolved" in 2012, confirmed to be "resolved" again in 2016, and he was never diagnosed with tuberculosis. In any event, LTBI and tuberculosis are not considered high-risk conditions that cause a risk of an adverse effect from COVID-19, according to the CDC. *See* Centers for Disease Control and Prevention, People with Certain Medical Conditions, (last updated Dec. 1, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Therefore, under section (A) of the Sentencing Guidelines policy statement and notes, Mr. Johnson should not receive compassionate release because he does not have a health condition that puts him at an increased risk of an adverse outcome from COVID-19.

But even if Mr. Johnson did have a health condition that put him at an increased risk of an adverse outcome from COVID-19, relief would still not be granted based upon the 3553(a) factors. Under the 3553(a) factors, I must examine whether the sentence served reflects the nature and circumstances of the offense and the history and characteristics of the defendant, the seriousness of the offense, promotes respect of the law, and affords adequate deterrence.

Mr. Johnson has served approximately seventeen of his twenty-four-month sentence, but I believe that Mr. Johnson's full sentence or his statutory release is appropriate given the nature of the crimes and violations he committed. Mr. Johnson pled guilty to fleeing from police and carrying an unlicensed firearm. While on supervised release, he pled guilty to, again, attempting to flee from police, carrying an illegal firearm, and unlawfully possessing body armor. His

violations fully warrant the sentence that was imposed. These violations are extremely serious, present a danger to the general welfare of society, and show Mr. Johnson's plain disregard for the rule of law. Therefore, even if Mr. Johnson presented a high-risk health condition, the section 3553(a) factors weigh strongly against Mr. Johnson's compassionate release.

For the same reasons as the section 3553 factors above, I find that Mr. Johnson presents a risk of danger to the community if he was released early. While I acknowledge that he has not committed any disciplinary infractions, he has completed significant institutional, and the Pennsylvania Board of Probation and Parole has positively acknowledged the same. His conduct does not support that he would not be a danger to society if released early. Again, the seriousness of his violations and their connection to the general welfare of society warrant denying Mr. Johnson's motions so that he serves his full sentence. *See United States v. Spikes*, 2020 WL 6044614 (E.D. Pa. Oct. 13, 2020); *United States v. Clausen*, 2020 WL 4260795 (E.D. Pa. July 24, 2020); *United States v. Rodriguez*, 2020 WL 3447777 (E.D. Pa. June 24, 2020).

**IV.     CONCLUSION**

Accordingly, Mr. Johnson does not present a health condition that the CDC recognizes as high risk to an adverse effect from COVID-19. Even if he did, the section 3553(a) factors do not support his release, and he presents a risk of danger to society given his past crimes of fleeing from police, carrying illegal firearms, and carrying illegal body armor. Mr. Johnson's motions are denied.